IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. 5:06-cr-00030 |
| v. | ) | |
| | ) | |
| THOMAS ROBERT CRAIG, | ) | |
| | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on the government's motion to dismiss petitioner Thomas Robert Craig's motion to vacate his federal sentence of imprisonment. ECF No. 51. On May 23, 2016, Craig filed a motion to vacate pursuant to 28 U.S.C. § 2255 challenging his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). ECF No. 43. The court addressed the pending motions at a hearing on November 16, 2016. The court then directed the parties to file supplemental briefs regarding the status of a 1992 drug conviction in Craig's record. The parties have filed those briefs, making this matter ripe for consideration. ECF Nos. 62, 63. For the reasons set forth below, the court **GRANTS** the government's motion to dismiss and **DENIES** Craig's motion to vacate his sentence.

I.

On September 11, 2006, Craig pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] In anticipation of Craig's sentencing, United States Probation Officer W.R. Good authored a Presentence Investigation Report ("PSR")

---

[1] United States District Judge Samuel G. Wilson presided over Craig's guilty plea and sentencing. Judge Wilson has since retired and the instant § 2255 motion was assigned to the undersigned United States District Judge.

in which he concluded that the ACCA's mandatory minimum fifteen-year sentence applied to Craig's offense. Under the ACCA, a defendant convicted of a § 922(g) offense who has committed at least three prior "violent felonies" or "serious drug offenses" is subject to the ACCA's sentence enhancement. While the PSR did not specifically identify which of Craig's prior convictions qualified as ACCA predicate offenses, the report identified twenty-nine prior convictions for drug crimes, domestic abuse, various thefts, and other offenses.

At sentencing, Craig objected to the PSR's determination that he qualified for an enhancement under the ACCA. He argued that his 1983 conviction for burning a motor vehicle with intent to defraud, in violation of Va. Code Ann. § 18.2-81, was not an ACCA violent felony because it did not qualify as arson, which is an enumerated offense under the ACCA's definition of violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). The court overruled Craig's objection and sentenced him to the mandatory minimum fifteen years in prison. On appeal, the Fourth Circuit affirmed Craig's sentence, holding that a violation of Va. Code Ann. § 18.2-81 "substantially corresponds to the generic definition of arson for the purposes of [the ACCA]." United States v. Craig, 236 F. App'x 863, 865 (4th Cir. 2007).

At sentencing and on appeal, Craig conceded that his 1982 Virginia statutory burglary conviction[2] and his 1994 New York conviction for criminal sale of a controlled substance in

---

[2] The PSR does not indicate Craig was convicted of statutory burglary in 1982. It does, however, list a 1974 Virginia statutory burglary conviction. PSR, ECF No. 60, ¶ 19. The parties reconcile the discrepancy between Craig's objections (which refer to a 1982 burglary conviction) and the PSR (which does not) by assuming that in writing the objections, Craig's counsel must have intended to reference the 1974 conviction and any reference to a 1982 conviction was a typographical error. See § 2255 Motion, ECF No. 43, at 3 n.2; Motion to Dismiss, ECF No. 51, at 3 n.1. However, records from the Circuit Court of Rockingham County indicate that Craig was, in fact, convicted of statutory burglary in 1982. Commonwealth v. Craig, ECF No. 64 (Va. Cir. July 7, 1982). As explained below, Craig's 1974 and 1982 statutory burglary convictions do not affect the resolution of his current § 2255 motion. As such, the PSR's omission of his 1982 conviction is of no moment.

2

the third degree both qualified as ACCA predicate offenses. See Objections to PSR, ECF No. 60-2, at 2; Brief of Appellant, United States v. Craig, 2007 WL 444448 (4th Cir. filed Jan. 30, 2007). Craig now claims the shifting legal landscape over the past decade has rendered those concessions improper. Specifically, Craig argues in his § 2255 motion that Virginia statutory burglary no longer qualifies as an ACCA violent felony in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II").[3] Craig also argues that his 1994 drug conviction, a Class B New York felony, no longer qualifies as a serious drug offense under the ACCA because the New York legislature has retroactively reduced the maximum penalty for that offense to nine years. See Drug Law Reform Act, 2004 N.Y. Laws ch. 738, § 36; 2009 N.Y. Laws ch. 56, pt. AAA, § 9; see also 18 U.S.C. § 924(e)(2)(A)(ii) (serious drug offenses are those that carry a minimum sentence of ten years or more). In short, Craig argues that his record no longer includes three ACCA predicates, and therefore, he is entitled to relief from an unlawful sentence.

In the current proceedings, Craig again concedes that his record includes two ACCA predicate offenses: (1) a 1983 conviction for burning a motor vehicle with intent to defraud, in violation of Va. Code Ann. § 18.2-81, see Craig, 236 F. App'x at 865; and (2) a 1992 conviction for attempted criminal sale of a controlled substance in the third degree, in violation of NY Penal Law §§ 110.00, 220.39.[4] As explained below, the court concludes that

---

[3] The court refers to the 2015 opinion as Johnson II, to differentiate it from an earlier opinion on a related subject, Johnson v. United States, 559 U.S. 133 (2010).

[4] At the court's request, the parties filed supplemental briefs addressing whether the New York legislature's 2004 and 2009 sentencing reforms brought Craig's 1992 drug conviction outside the scope of the ACCA. ECF Nos. 62, 62. Craig's 1992 conviction for attempted sale of a controlled substance in the third degree, a Class C felony, carried a maximum penalty of fifteen years when the conviction became final, and therefore, it qualified as a serious drug offense. See McNeill v. United

3

his 1994 New York drug conviction continues to qualify as a serious drug offense, amounting to a third ACCA predicate offense in Craig's record. Accordingly, Johnson II does not affect Craig's status under the ACCA and his § 2255 petition must be denied.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Craig bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

In addition to stating a claim for relief, a petition under § 2255 must adhere to strict statute of limitations requirements. Specifically, a petitioner must file a § 2255 motion within one year of the latest date on which:

> (1) the judgment of conviction becomes final;
> (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

States, 563 U.S. 816 (2011) (courts must consult the "'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense"). As Craig concedes, the sentencing reforms did not affect the status of his 1992 conviction as an ACCA predicate offense. See also Rivera v. United States, 716 F.3d 685, 690 (2d Cir. 2013) (holding that the New York sentencing reforms do not affect the status of a conviction for attempted sale of controlled substance in the third degree for ACCA purposes). Moreover, the court notes that an attempted drug crime "[c]learly ... involve[s] conduct defined as a serious drug offense." United States v. Williams, 468 F. App'x 343, 346 (4th Cir. 2012).

4

> (4) the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Having filed his § 2255 motion more than one year after his conviction became final, § 2255(f)(1), Craig argues that the Supreme Court's decision in Johnson II renders his motion timely under § 2255(f)(3) because that case announced a new right that the Supreme Court has made retroactively applicable. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). According to Craig, Johnson II mandates that his Virginia statutory burglary convictions no longer qualify as violent felonies under the ACCA. Because Craig "relies on" Johnson II, he argues the court can also decide whether his 1994 drug conviction continues to qualify as a serious drug offense under the ACCA. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017).

The Johnson II Court struck down the "residual clause" of the ACCA's definition of a "violent felony" as unconstitutionally vague. 135 S. Ct. at 2563. Johnson II, however, did not "call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony." Id. Nor did the Court invalidate any part of the definition of a "serious drug offense," which includes a drug violation under state law "for which a maximum term of imprisonment of ten years or more is prescribed." 18 U.S.C § 924(e)(2)(A)(ii).

To determine whether Johnson II affects a petitioner's designation under the ACCA, the court must consider the entirety of the petitioner's criminal record. See United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010). Even if some offenses no longer support an ACCA enhancement, as long as three predicate convictions remain in the petitioner's record, "the statutory preconditions for sentence enhancement [are] still present" and the § 2255

5

petition must be denied. Pettiford, 612 F.3d at 278. Before conducting a Johnson II analysis, the court must determine if the petitioner's record includes at least three violent felonies (without reference to the residual clause) or serious drug offenses.

## III.

While Craig concedes that he has two qualifying ACCA predicate offenses, he challenges the status of his Virginia statutory burglary convictions and his 1994 New York drug conviction. The court finds that Craig's 1994 drug conviction qualifies as a serious drug offense under the ACCA, and therefore, need not decide whether his statutory burglary convictions amount to violent felonies under the statute.

### A.

Craig argues that New York sentencing reforms enacted in 2004 and 2009 retroactively reduced the maximum penalty for Class B New York drug felonies to below ten years and thereby placed Craig's 1994 conviction outside the scope of the ACCA. Under the general rule announced in McNeill v. United States, 563 U.S. 816 (2011), courts applying the ACCA must consult the "'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." Id. at 825. As Craig concedes, his 1994 conviction for criminal sale of a controlled substance in the third degree—a Class B felony, NY Penal Law § 220.39 (1989), that was subject to a maximum sentence of twenty-five years, NY Penal Law §§ 60.05(6), 70.06(3)(b) (1987)— amounted to a serious drug offense at the time he was sentenced. However, the McNeil Court explicitly stated in a footnote that it did not address the effect of a state law that "lowers the maximum penalty applicable to an offense and makes that reduction available to

6

defendants previously convicted and sentenced for that offense." Id. at 825 n.1. Craig asks the court to enter the door left open in McNeil.

In 2004, the New York legislature enacted sentencing reforms that reduced the maximum penalty for first-time Class B felonies to nine years imprisonment. Drug Law Reform Act, 2004 N.Y. Laws ch. 738, § 36 (hereinafter "2004 DLRA") (relevant provision codified at NY Penal Law § 70.70). In 2009, the legislature provided certain eligible Class B felons with the ability to apply for resentencing under the 2004 DLRA's lower penalties. 2009 N.Y. Laws ch. 56, pt. AAA, § 9 (hereinafter "2009 DLRA") (codified at NY Crim. Proc. Law § 440.46). Craig argues that his 1994 conviction no longer qualifies as a serious drug offense because the 2009 DLRA retroactively reduced the maximum sentence associated with his offense to less than ten years.[5]

The government argues in response that Craig's 1994 conviction still qualifies as a serious drug offense because he was a "second felony drug offender" at the time of his 1994 conviction. Cf. United States v. Rodriquez, 553 U.S. 377, 383–84 (2008) (in determining maximum term of imprisonment prescribed by law, courts must consider applicable recidivist enhancements for the prior offense). Under the DLRAs, a Class B second felony drug offender faces a maximum prison sentence of twelve years if the predicate felony was a

---

[5] While the plain language of the 2009 DLRA provides retroactive resentencing relief only to those who are presently incarcerated, three federal district courts in New York have concluded the "purpose of the 2009 DLRA"—to grant relief from inordinately harsh punishment—brings pre-2009 first-time Class B drug felonies outside the scope the ACCA. See Saxon v. United States, No. 12 CR. 320 (ER), 2016 WL 3766388, at *7 (S.D.N.Y. July 8, 2016); United States v. Calix, No. 13 CR 582 RPP, 2014 WL 2084098, at *12 (S.D.N.Y. May 13, 2014); United States v. Jackson, No. 13 CRIM. 142 PAC, 2013 WL 4744828, at *4 (S.D.N.Y. Sept. 4, 2013); but see Cortes–Morales v. Hastings, 827 F.3d 1009, 1016 (11th Cir. 2016) (concluding petitioner's 1991 Class B New York felony remained an ACCA predicate offense because petitioner, "as a person not in the custody of New York's department of correctional services, is not among the class of defendants the 2009 DLRA is designed to benefit").

nonviolent crime, NY Penal Law §§ 70.70[3](b)(i), or fifteen years if the predicate felony was a violent crime, NY Penal Law §§ 70.70[4](b)(i). When Craig was sentenced in 1994, Class B second felony offenders faced a maximum sentence of twenty-five years regardless of whether their predicate felony was a nonviolent or violent crime. NY Penal Law § 70.06[3](b) (1987). In other words, at all times relevant to Craig's § 2255 motion, any Class B second felony offender drug conviction qualified as a serious drug offense under the ACCA.

Craig challenges the government's assertion that he was convicted as a second felony offender. He claims instead to benefit from the nine-year maximum penalty imposed on first-time Class B offenders. Under New York law a defendant is only subject to an enhanced sentence as a second felony drug offender if he has "been adjudicated as such 'pursuant to the provisions of section 400.21 of the criminal procedure law.' People v. Alcequier, 43 A.D.3d 699, 700, 841 N.Y.S.2d 550 (2007). Before the court determines a defendant's status as a second felony offender, New York Criminal Procedure Law § 400.21 requires that, inter alia, the prosecutor file a predicate felony statement prior to sentencing and that the defendant have an opportunity to respond. Craig argues there is no evidence, in the PSR or otherwise, that Craig was adjudicated as a second felony offender in his 1994 conviction. Craig, however, is mistaken.

The First Department of the Appellate Division of the Supreme Court of New York, which heard the appeal of Craig's 1994 drug conviction, expressly stated that Craig was sentenced "as a second felony offender, to a term of 8 to 16 years." People v. Thomas, 249

8

A.D.2d 145, 145, 671 N.Y.S.2d 245, 245–46 (1998).[6] Where a defendant is found to be a second felony offender, New York law requires that "such finding shall be binding upon that defendant in any future proceeding in which the issue may arise." N.Y. Crim. Proc. Law § 400.21[8].[7] The DLRAs did not amend § 400.21[8] or the binding nature of a second felony offender adjudication. Indeed, there is no "language in the 2009 DLRA permitting a defendant seeking resentencing to relitigate his predicate status." People v. Dais, 19 N.Y.3d 335, 346, 970 N.E.2d 849, 856 (2012). Therefore, in determining the maximum penalty associated with Craig's 1994 drug conviction, the court must consider his status as a second felony offender. Rodriquez, 553 U.S. at 383–84.

The maximum sentence applicable to Craig's 1994 conviction was, and continues to be, greater than ten years. As such, his 1994 drug conviction qualifies as a serious drug offense under the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii). In light of this conclusion, at least three ACCA predicate offenses remain in Craig's criminal record: (1) a 1983 conviction for burning a motor vehicle with intent to defraud, in violation of Va. Code Ann. § 18.2-81; (2) a 1992 conviction for attempted criminal sale of a controlled substance in the third degree, in violation of NY Penal Law §§ 110.00, 220.39; and (3) a 1994 conviction for criminal sale of a controlled substance in the third degree, in violation of NY Penal Law § 220.39. With three ACCA predicates, "the statutory preconditions for sentence enhancement [are] still present."

---

[6] In the proceedings related to his 1994 drug conviction, the New York courts addressed Craig by the alias "Luther Thomas." See ECF No. 64-1, at 6; PSR at 2. His true name is Thomas Craig. See ECF No. 64-1, at 29.

[7] While the court is unable to discern what predicate offense the New York court used in sentencing Craig as a second felony offender, the nature of the predicate offense underlying Craig's status is immaterial because New York law imposes maximum sentences of more than ten years on all Class B second felony offenders, both before and after the DLRAs.

9

Pettiford, 612 F.3d at 278. Craig's inability to show that his sentence was "rendered without jurisdiction," "imposed in violation of the Constitution or the laws of the United States," or that it was "otherwise subject to collateral attack," requires the court to dismiss his motion for failure to state a viable claim for relief. 28 U.S.C. § 2255.

**B.**

Because Craig's record contains three ACCA predicate offenses—two serious drug offenses and one enumerated violent felony—the court need not determine whether Johnson II affects his status under the ACCA. Even if Craig's Virginia statutory burglary convictions no longer qualify as violent felonies in light of Johnson II, his sentence would remain lawful. Therefore, Craig cannot rely on the new retroactively applicable rule announced in Johnson II for statute of limitation purposes. See § 2255(f)(3). The court must dismiss Craig's § 2255 petition for both failing to state a claim and failing to meet the timeliness requirements of § 2255(f).

**III.**

For the reasons stated, the court will **GRANT** the government's motion to dismiss and **DENY** Craig's § 2255 petition. Because Craig has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

An appropriate Order will be entered.

Entered: 04-21-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge